UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| HECTOR BATISTA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00170-JRS-MJD |
| | ) | |
| T. J. WATSON, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241
and Directing Entry of Final Judgment**

Hector Batista, an inmate at the United States Penitentiary—Terre Haute ("USP-TH"), seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons discussed in this Order, his petition for writ of habeas corpus is **denied**.

**I. Discussion**

The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Mr. Batista asserts that the Federal Bureau of Prisons ("BOP") has wrongfully extended the time afforded to it by Congress to enact the good-time credit provisions of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

In response, the respondent argues that Mr. Batista is not entitled to relief because he has failed to exhaust the administrative remedies available to him and because the good-time credit provisions of the First Step Act have not yet taken effect.

**A. Mr. Batista's Failure to Exhaust Administrative Remedies**

Although "[t]he exhaustion requirement of the Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e(a), does not apply to habeas actions, *Walker v. O'Brien*, 216 F.3d 626,

633-37 (7th Cir. 2000), exhaustion of administrative remedies is still required. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) ("A common-law exhaustion rule applies to § 2241 actions even though § 1997e(a) does not."). The requirement of exhaustion is "judge-made for federal [habeas corpus cases]," *Greene v. Meese*, 875 F.2d 639, 640 (7th Cir. 1989), not a requirement of statute.

The respondent contends that Mr. Batista has "never submitted any administrative remedy requests related to the length of his sentence, his good-time credit, or the First Step Act." Dkt. 5 at 3. Mr. Batista has not responded to these allegations. Thus, because he failed to exhaust his administrative remedies, his petition for a writ of habeas corpus must be dismissed.

However, it appears to be in the interests of both justice and judicial efficiency that the merits of Mr. Batista's habeas claims be resolved. In *Lambrix v. Singletary*, 520 U.S. 518, 524 (1997), "the Supreme Court noted that its cases have 'suggest[ed] that the procedural-bar issue should ordinarily be considered first.' Nevertheless, added the Court, it did 'not mean to suggest that the procedural-bar issue must invariably be resolved first; only that it ordinarily should be.'" *Brown v. Watters*, 599 F.3d 602, 609–10 (7th Cir. 2010) (quoting *Lambrix*, 520 U.S. at 525).

**B.     Application of the First Step Act**

Even if Mr. Batista had properly exhausted his administrative remedies, he would not be entitled to the relief he seeks because the good-time credit provisions of the First Step Act do not take effect until approximately July 2019.

The First Step Act amended 18 U.S.C. § 3624(b)(1) to change the manner in which good-time credits are calculated. *See* Pub. L. No. 115-391, § 102(b), 132 Stat. 5194, 5210-13. Congress explicitly stated that these amendments are to take effect "beginning on the date that the Attorney General completes and releases the risk and needs assessment system." *Id.* at 5213. The timeline

Congress gave for developing and releasing the risk and needs assessment system was "[n]ot later than 210 days after the date of enactment" of the First Step Act. *See id.* § 101(a), 132 Stat. at 5196. "Therefore, the change in calculation of good-time credit will not take effect until approximately July 2019." *United States v. Parrett*, No. 01-CR-168-JPS, 2019 WL 1574815, *1 (E.D. Wis. Apr. 11, 2019).

Many district courts have rejected arguments similar to Mr. Batista's that the First Step Act good-time credit amendments should be effective immediately. *See e.g.*, *id.*, *Matthews v. Williams*, No. 4:19CV518, 2019 WL 1639776, *1-2 (N.D. Ohio Apr. 16, 2019) (collecting cases that denied habeas relief because the court concluded either the petitioner failed to exhaust administrative remedies, or the First Step Act is not yet effective, or both reasons warranted the denial of relief); *United States v. Scouten*, No. 13-CR-20S, 2019 WL 1596881, *1 (W.D.N.Y. Apr. 15, 2019); *Sheppard v. Quintana*, No. 5:19-084-DCR, 2019 WL 1103391, *2 (E.D. Ky. March 8, 2019).

The good-time credit amendments are not effective until 210 days after enactment of the First Step Act—not 21 days as Mr. Batista asserts. Because these amendments are not yet effective, Mr. Batista is not entitled to relief.

## II.   Conclusion

For the foregoing reasons, Mr. Batista's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **denied**. The dismissal of this action is with prejudice. *Prevatte v. Merlak*, 865 F.3d 894, 901 (7th Cir. 2017) (stating that "petition should be dismissed with prejudice under 28 U.S.C. § 2255(e)").

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 6/3/2019

_JAMES R. SWEENEY II, JUDGE_
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

HECTOR BATISTA
43257-054
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Lara K. Langeneckert
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
lara.langeneckert@usdoj.gov